# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE ROBINSON,

   Petitioner,

v.

WARDEN BALTAZAR,

   Respondent.

NO. 3:17-CV-0466

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Petition for Writ of a Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Clarence Robinson. Because Petitioner fails to demonstrate that relief under 28 U.S.C. § 2255 would be inadequate or ineffective to present his claims, his § 2241 petition will be dismissed for lack of jurisdiction.

## I. Background

The facts pertinent to Petitioner's incarceration have been detailed before:

> A jury convicted Mr. Robinson in 1996 of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. *U.S. v. Robinson*, 110 F.3d 1320, 1322 (8th Cir.), cert. denied, 522 U.S. 975, 118 S. Ct. 432, 139 L. Ed. 2d 331 (1997). At sentencing, the District Court relied on a presentence report finding, to which Mr. Robinson did not object, and "attributed eighty-three ounces of cocaine base to Robinson and, because he had been twice convicted on felony drug charges, sentenced Robinson to life imprisonment as required by 21 U.S.C. § 841(b)(1)(A) (1994)." *Id.* at 1327. The Eighth Circuit Court of Appeals affirmed his conviction and sentence. *Id.* In 1998, Mr. Robinson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States District Court for the District of Nebraska denied the motion and the Eighth Circuit Court of Appeals once more affirmed. *United States v. Robinson*, 301 F.3d 923(8th), *cert. denied*, 537 U.S. 1238, 123 S. Ct. 1367, 155 L. Ed. 2d 207 (2003).
>
> In February 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California "challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence." *Robinson v. Unknown*, No. CVF 06-00149, 2006 WL 1774637, *1 (E.D. Cal. Jun.24, 2006). The petition was

> dismissed for lack of jurisdiction. *Id*.
>
> Mr. Robinson then sought permission from the Eighth Circuit Court of Appeals for allowance to file a successive habeas petition. The Court denied the motion on September 18, 2008. *Robinson v. United States*, No. 08–2163, slip op. (8th Cir. Sept. 18, 2008). Mr. Robinson then filed a second § 2255 motion to vacate in the United District Court for the District of Nebraska. This motion was denied on January 27, 2010, as violative of 28 U.S.C. § 2244(3)(A) because Petitioner did not receive permission from the Eighth Circuit Court of Appeals to file a second or successive § 2255 petition. *United States v. Robinson*, No. 8:95CR79, 2010 WL 427990 (D.Neb. Jan.27, 2010).
>
> In June 2010, the Eighth Circuit Court of Appeals denied Mr. Robinson's second request to file a successive habeas petition. *Robinson v. United States*, No. 10-1414, slip op. (8th Cir. June 23, 2010). Mr. Robinson filed another Motion to Vacate pursuant 28 U.S.C. § 2255 in August 2010. The sentencing court denied the motion as an unauthorized successive § 2255 petition on January 14, 2011. *United States v. Robinson*, 8:95-CR-0079 (D.Neb.) Mr. Robinson's appeal was denied by the Eighth Circuit Court of Appeals. *See United States v. Robinson*, No. 11-1584 (8th Cir. May 20, 2011).
>
> In June 2011, Mr. Robinson filed his first § 2241 petition with this Court "arguing that his sentence was illegally enhanced by a prior conviction that did not occur-a claim he concede[d] has been raised and rejected in his earlier habeas actions." *Robinson v. Bledsoe*, 467 F. App'x 103, 104 (3d Cir.2012). We construed Mr. Robinson's petition as a second or successive § 2255 motion, and dismissed it for lack of jurisdiction. *Id*. The Court of Appeals for the Third Circuit summarily affirmed our decision. *Id*.

*Robinson v. Thomas*, No. 13-276, 2013 WL 3209366, at *1-2 (M.D. Pa. June 24, 2013).

In February 2013, Petitioner filed another § 2241 petition in this District. *See id*. at *2. I dismissed that petition for lack of jurisdiction because Petitioner did not satisfy the requirements of 28 U.S.C. § 2255's savings clause to permit him to proceed under § 2241. *See id*. at *3.

Petitioner has now filed another § 2241 petition. (*See* Doc. 1, *generally*). This is the petition presently under review. In his petition and supporting brief, Petitioner argues that an incorrect document was introduced at his sentencing hearing which

2

erroneously showed a prior conviction that did not exist. (*See id*.). According to Petitioner, he became aware of a new law in California - Proposition 47[1] - the state where he had been twice convicted on drug charges. (*See id*. at 3). That law "re-designates prior convictions of simple possession of cocaine from a felony to a misdemeanor and I applied. I couldn't receive this benefit because the charges were dismissed in 1994. I didn't get indicted until 1995." (*Id*.). Petitioner's submissions refer to a docket sheet from his efforts to get relief under Proposition 47 which states that his re-sentencing petition was denied because "all charges were dismissed in 1994." (Doc. 1-1, 3). The docket sheet further reflects an August 8, 1994 entry noting: "sentence deemed served in full pursuant to WI 3200. Case dismissed. Defendant released." (*Id*. at 6). Because he only recently learned of this information, Petitioner argues that a second or successive petition under § 2255 would be inadequate or ineffective to test the legality of his detention. (*See* Doc. 8, *generally*).

The Government disagrees. (*See* Doc. 10, *generally*). First, the Government argues that the petition should be dismissed for abuse of the writ. (*See id*. at 3-4). Second, the Government contends that relief is not available to Petitioner under § 2241. (*See id*. at 4-6). Rather, because Petitioner's challenge implicates an attack on his conviction and sentence, he must proceed pursuant to § 2255. (*See id*.).

---

[1] The United States Court of Appeals for the Ninth Circuit has explained:

> In November 2014, California voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act." Cal. Penal Code § 1170.18 (codifying Proposition 47); *see People v. Rivera*, 233 Cal. App. 4th 1085, 183 Cal. Rptr. 3d 362, 363 (2015). Among other things, Proposition 47 reduced future convictions under § 11350(a) from a felony to a misdemeanor. Proposition 47 also permits previously-convicted defendants to petition the court for a "recall of sentence," which, if granted, would effectively reclassify their qualifying felonies as misdemeanors. *See* Cal. Penal Code § 1170.18(a).

*United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016).

Petitioner filed a traverse. (*See* Doc. 11, *generally*). Petitioner insists that § 2255 is ineffective or inadequate because "an incorrect certified document was produced at [his] sentencing, which made the claim unavailable" and prevented him from previously having the opportunity to correct this defect. (*See id*. at 2).

Petitioner has also filed for appointment of counsel. (*See* Doc. 13, *generally*). Petitioner's petition and motion for counsel are now ripe for review.

## II. Legal Standard

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C.] § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Yet, "to this limitation, Congress also provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Id*. (citations omitted); *see also* § 2255(e). If a petitioner previously has filed a § 2255 motion, he must apply for and receive permission from the appropriate court of appeals before filing a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3), 2255(h).[2] The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. Rather, only when a federal prisoner is "in the unusual situation where an intervening

---

[2] A second or successive § 2255 motion must be based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

4

change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." *Bruce*, 868 F.3d at 179 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

The Third Circuit

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision" - in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251.

*Id.* at 180.

If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Fraser v. Zenk*, 90F. App'x 428, 430 (3d Cir. 2004) (citing *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971)).

### III. Discussion

I start with Petitioner's request for appointment of counsel. Petitioner seeks appointment of counsel so he can obtain necessary documents, organize his case, and develop the facts. (*See* Doc. 14, 4). Pursuant to 18 U.S.C. § 3006A(a)(2)(b), "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who - . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." *See also* Rule 1(b) of the Rules Governing Section 2254 Cases.

In determining whether the interests of justice require appointment of counsel:

> the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record," or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."

*Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d) (internal quotations omitted).

Appointment of counsel is not warranted. For the reasons explained below, Petitioner does not present a claim over which jurisdiction exists. As such, appointment of counsel would not benefit Petitioner or the Court.

As to Petitioner's claim, he has not demonstrated why § 2255 would be inadequate or ineffective to raise the instant challenge to his conviction and sentence. And, because Petitioner has filed previous § 2255 motions, he must apply for and receive permission from the appropriate court of appeals before filing this successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3), 2255(h). To be clear, Petitioner does not claim that he is entitled to relief as a result of Proposition 47, *i.e.*, that one of his prior felony convictions used to calculate his life sentence has been deemed a misdemeanor. If that were his claim, the petition may well not be considered a "second or successive" motion. *Compare Crayton v. United States*, No. 98-91, 2017 WL 4322443, at *2 (W.D. Ky. Sept. 28, 2017) (§ 2255 motion based on Proposition 47 was not "second or successive"); *McFarland v. United States*, No. 16-125, 2016 WL 6600071, at *3 (E.D. Mo. Nov. 8, 2016) (same), *with Stutson v. United States*, No. 16-8160, 2017 WL 4572314, at *4-5 (N.D. Ala. Oct. 13, 2017) (§ 2255 motion based on Proposition 47 was a successive motion); *Damper v. United States*, No. 98-5, 2017

WL 3025973, at *1 (S.D. Miss. Feb. 22, 2017) (same).[3]

Instead, Petitioner claims here that in attempting to have one of his prior California felony convictions reclassified as a misdemeanor, he learned that the charges were dismissed in 1994 following completion of his sentence. (*See* Doc. 1-1, 3). This, though, does not make a motion under § 2255 "inadequate or ineffective." 28 U.S.C. § 2255(e); *see also Buford v. Lewisburg*, 588 F. App'x 89, 90 (3d Cir. 2014) ("For § 2241 purposes, we are not persuaded. If Buford believes that he has newly discovered evidence calling the validity of his convictions into question, then he may file with the United States Court of Appeals for the Sixth Circuit an application under 28 U.S.C. §§ 2244 and 2255(h) for authorization to file a second or successive § 2255 motion."); *Tawalbeh v. Grondolsky*, 362 F. App'x 232, 235 (3d Cir. 2010) ("It thus makes no difference that, as Tawalbeh asserts in his summary action response, some of his evidence is new and could not actually have been considered by the sentencing

---

[3] If that was the thrust of Petitioner's claim (and it was filed in the sentencing court under § 2255), it would likely fail on the merits. *See*, *e.g.*, *Stutson*, 2017 WL 4572314, at *6; *Crayton*, 2017 WL 4322443, at *7 ("After a thorough review of recent decisions construing Proposition 47 in cases that are strikingly similar to Mr. Crayton's case, this Court holds that the purported downgrade of Mr. Crayton's conviction in California has no bearing on § 841, and the sentence enhancement to which Mr. Crayton was subjected was and remains appropriately applied to him."); *Torres v. United States*, No. 12-825, 2017 WL 1943949, at *4 (D. Hi. May 10, 2017) (reclassification of felony conviction under state law does not retroactively convert any felony to a misdemeanor for purposes of federal law); *Damper*, 2017 WL 3025973, at *1-2; *McFarland*, 2016 WL 6600071, at *4 ("the Court finds no merit to movant's § 2255 claim based on the change in California law that permitted reclassification of his prior felony drug convictions to misdemeanors." This is so because "the decision of California voters does not change the fact that [the defendant] committed his federal offense 'after a prior conviction for a felony drug offense had become final.'" *United States v. London*, - - -F. App'x - - -, 2018 WL 4189616, at *4 (3d Cir. Aug. 31, 2018) (quoting 21 U.S.C. § 841(b)(1)(A)). In other words, "the subsequent reclassification of [the defendant's] California conviction had no bearing on that convictions underlying lawfulness, he remains eligible for the sentence enhancement he received under § 841(b)(1)(A)." *Id*. (citing *United States v. Diaz*, 838 F.3d 968, 975 (9th Cir. 2016)).

7

court in the context of his first section 2255."); *accord Viola v. Zuniga*, No. 17-214, 2018 WL 1525804, at *6 (W.D. Pa. Mar. 9, 2018) ("if in fact the alleged new evidence upon which he relies does support a credible claim that he is actually innocent. He can apply to the Sixth Circuit Court of Appeals for authorization to file a second or successive § 2255 motion on the grounds that there is 'newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense[.]").[4] Consequently, the instant action will be dismissed for lack of jurisdiction.

## IV. Conclusion

For the above stated reasons, jurisdiction does not exist over the instant petition, so it will be dismissed without prejudice to Petitioner again seeking authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition. Because Petitioner is not detained by virtue of a process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action with respect to a certificate of appealability is necessary. Petitioner's motion for appointment of

---

[4] Although I do not address the merits of Petitioner's claim, I note that the Third Circuit has held that "there is no impact on § 841 eligibility when the defendant's prior state conviction is outright dismissed following probation, which is a more drastic change than reclassification." *London*, 2018 WL 4189616, at *3 (citing *United States v. Meraz*, 998 F.2d 182, 184 (3d Cir. 1993)); *see also Diaz*, 838 F.3d at 973 ("a state's later dismissal or expungement of a predicate state conviction had no bearing on whether § 841's requirements were met," subject to "one exception: where the dismissal or expungement alters the legality of the original state conviction - such as where there was a trial error or it appears the defendant was actually innocent of the underlying crime."); *United States v. Craddock*, 593 F.3d 699, 701 (8th Cir. 2010) ("the question of what constitutes a 'prior conviction' for purposes of § 841(b)(1)(A) is a matter of federal, not state, law, and . . . a suspended imposition of sentence qualifies as such a prior conviction.").

counsel will be denied.[5]

An appropriate order follows.

October 18, 2018                                                /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                       United States District Judge

---

[5]     Petitioner has also filed a request for preliminary injunction. (*See* Doc. 17, *generally*). While that motion is largely illegible, it appears that Petitioner's complaints concern the conditions of his confinement. (*See id.*). Such claims are properly brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Narcotics*, 403 U.S. 388 (1971), not as a supplement to a habeas petition under 28 U.S.C. § 2241. *See Woodruff v. Williamson*, 362 F. App'x 263, 266 (3d Cir. 2010); *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement, such that a finding in plaintiff's failure would not alter his sentence or undo his conviction, [a civil rights action] is appropriate."). Thus, the request for a preliminary injunction will be denied without prejudice to Petitioner seeking such relief in a properly filed *Bivens* action.